IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTHONY GIBSON                                                                                        PLAINTIFF

V.                                                                                         CASE NO. 4:10-cv-160-MPM

CITY OF DREW, MISSISSIPPI                                                                   DEFENDANT

## MEMORANDUM OPINION

Before the court is defendant's supplemental motion for summary judgment. Plaintiff has opposed the motion. Having reviewed the briefs and relevant law, the court is prepared to rule.

The facts in this case were previously set forth in this court's summary judgment opinion and in the Fifth Circuit's opinion regarding this case. *See Summary Judgment Order, Docket Entry No. [86]; Gibson v. Kilpatrick*, 773 F.3d 661, 664-67 (5th Cir. 2014). Therefore the court will limit its factual account to those directly relevant to the decision currently before the court.

While serving as police chief, Anthony Gibson reported Mayor Jeffrey Kilpatrick to outside law enforcement agencies for misuse of the city gasoline card. Months later, Kilpatrick issued Gibson written reprimands and placed him on paid suspension for various deficiencies. Gibson, in turn, filed a lawsuit against Kilpatrick in his individual capacity on December 1, 2010 alleging, *inter alia*, a First Amendment retaliation claim. On October 5, 2011, less than a year after the lawsuit was filed, the City of Drew Board of Aldermen voted to terminate Gibson's employment. Gibson subsequently amended his complaint to add the City of Drew ("the City") as a defendant, alleging the City violated his First Amendment rights in retaliation for filing his suit against Kilpatrick.

1

Kilpatrick moved for summary judgment, raising the defense of qualified immunity and arguing that the state tort law claims were barred because Gibson failed to comply with state notice requirements. *See Motion for Summary Judgment and Memorandum in Support, Docket Entry Nos. [75, 76].* The City of Drew also moved for summary judgment on the grounds that Plaintiff's First Amendment claim asserted against the City was without any merit. *Id.*

This court originally denied the motion for summary judgment with respect to qualified immunity for Kilpatrick, but granted the motion with respect to the state tort claims. *See Summary Judgment Order, Docket Entry No. [86].* This court "reserve[d] judgment on the legal issue[ ] of whether this lawsuit constitutes a public concern" in regards to the First Amendment claim against the City. *See id.* Kilpatrick moved for reconsideration of his qualified immunity defense, and the Fifth Circuit affirmed this court's original judgment. *See Gibson v. Kilpatrick*, 734 F.3d 395 (5th Cir. 2013) ("Gibson I"). However, after the 5th Circuit's opinion, the Supreme Court decided *Lane v. Franks*, 573 U.S. ---, 134 S. Ct. 2369 (2014), vacated the Fifth Circuit's judgment, and remanded the case for further consideration in light of *Lane*.

In consideration of *Lane*, the Fifth Circuit recently decided *Gibson v. Kilpatrick*, 773 F.3d 661 (5th Cir. 2014) ("Gibson II"), which dismissed Gibson's individual-capacity claim against Kilpatrick. In so holding, the court stated "we hold only that Gibson has adduced insufficient evidence here to meet his burden of producing evidence showing that his reports here were made as a citizen rather than in his official capacity." *Gibson II*, at 672. While this court is dubious of the purity of Kilpatrick's motives, the Fifth Circuit granted him qualified immunity. Thus, Gibson's First Amendment claim against the City of Drew is the final issue to be resolved in this case.

## ANALYSIS

Summary judgment is appropriate where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The nonmovant's evidence must be believed, and all reasonable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). The party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Gibson asserts a First Amendment claim arising out of Gibson's purported free speech and redress of grievances. The elements of a prima facie case for First Amendment speech and redress of grievances are the same. *See Borough of Duryea v. Guarnieri*, 131 S. Ct. 2488 (U.S. 2011). To determine whether a public employee's speech is entitled to protection, courts must engage in a two-step inquiry. *See Lane*, 134 S. Ct. at 2378. The first step requires determining whether the employee spoke as a citizen on a matter of public concern. *Garcettis v. Ceballos*, 547 U.S. 410, 418 (2006). The second step requires determining "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Id*. The first step, and more specifically whether Gibson spoke on a matter of "public concern," is at issue in this case. Whether the employee spoke as a citizen on a matter of public concern is a question of law that must be resolved by the court. *See Graziosi v. City of Greenville, Miss.*, 775 F.3d 731, 736 (5th Cir. 2015).

Speech involves a matter of public concern if it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). To determine whether the speech addresses a matter of public concern, we must evaluate the "content, form, and context of a given statement, as revealed by the whole record." *Id*., at 147-48.

As a preliminary matter, it is important to clarify what speech is at issue in this case. The speech in Gibson's original, unamended complaint was his reporting of Kilpatrick's misuse of the city gasoline card. The Fifth Circuit held that speech was held to be inactionable in *Gibson II* by granting Kilpatrick qualified immunity because Gibson failed to adduce sufficient evidence that his speech was made as a citizen rather than in his official capacity. Since the speech was held to be inactionable by the Fifth Circuit, and for the reasons that follow, the only speech at issue in this case is the lawsuit filed against the Kilpatrick in his individual capacity, not the reporting of Kilpatrick's misuse of the gasoline card. In his supplemental complaint, Plaintiff alleges:

> The reason Plaintiff was discharged from his employment was because of the malice of the Mayor against him and because of his filing the present lawsuit, which offended the members of the board of aldermen. The filing of the suit, together with the aldermen being required to participate in the suit through the giving of depositions, worked together to cause Plaintiff's discharge.

*Gibson's Am. Compl.* at para. 16, Docket Entry No. 50. Plaintiff, in his original response to the motion for summary judgment, also stated, "The protected speech was filing the lawsuit." *Gibson's Mem. In Opp. to S.J.* at 23, Docket Entry No. 78. So the question this court must grapple with is whether Gibson, in his First Amendment retaliation lawsuit against Kilpatrick in his individual capacity, spoke on a matter of "public concern." Another way of framing this issue is whether the alleged retaliation by the City against Gibson for filing the lawsuit is a matter of public concern.

Again, to determine whether the lawsuit is speech on a matter of public concern, the court must look at the "content, form, and context" of the speech. *Connick*, at 147-48. The Fifth Circuit has adopted the rule that "if the lawsuit is only a matter of personal interest to the

4

employee, it is not considered a matter of public concern." *Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*, 463 F.3d 378, 383 (5th Cir. 2006) (citing *Rathjen v. Litchfield,* 878 F.2d 836, 842 (5th Cir. 1989) and *Day v. South Park Indep. Sch. Dist.,* 768 F.2d 696, 700 (5th Cir. 1985).

The City points to *Ruotolo v. City of New York*, 514 F.3d 184 (2d. Cir. 2008) as persuasive authority that Gibson's lawsuit was not speech on a matter of public concern. In *Ruotolo*, a former New York City Police Department ("NYPD") sergeant sued the City of New York and, *inter alia,* the NYPD, for retaliation in violation of his First Amendment right to free speech. Specifically, he alleged that he became the subject of adverse personnel actions (*i.e.,* assignment to undesirable shifts, denial of leave time, transfer to a less desirable precinct, and discipline for trivial and fabricated reasons) in retaliation for his preparation of a report concerning health conditions at his assigned police precinct and for filing a lawsuit alleging such retaliation.

The *Ruotolo* court reasoned that Ruotolo's claim that he was retaliated against for filing a federal lawsuit failed because that lawsuit focused primarily on grievances of a personal nature. *Ruotolo*, 514 F.3d 184. In so finding, the court pointed out that the relief sought was "almost entirely personal to Ruotolo, including compensatory damages and an injunction relating to Ruotolo's employment record." *Id*. at 190. The court also noted that the lawsuit did seek to advance a public purpose. *Id*. at 189. Finally, the court explained that "a generalized public interest in the fair or proper treatment of public employees is not enough." *Id*. at 190.

Though Ruotolo is not binding here, this court does find the reasoning persuasive. Gibson's lawsuit was a personal matter and not a matter of public concern. The lawsuit only sought redress for personal grievances. He did not seek to vindicate the rights of anyone other

than himself. Gibson only alleged retaliatory acts personal to and suffered by him alone and seeks monetary damages only for himself. He does not seek any type of damages implicating the public. Finally, the fact that Gibson filed his suit against Kilpatrick in his individual capacity, rather than his official capacity, shows that Gibson's grievance was of a personal nature, rather than of public concern. In sum, filing a federal lawsuit does not automatically turn a personal grievance into a public cause of action.

For the foregoing reasons, defendant's motion for summary judgment [119] is GRANTED. A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ORDERED, this, the 30th day of July, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**